NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| HARRY T. SIMONE, Plaintiff, v. NANCY A. BERRYHILL, Defendant. | Civil Action No.: 17-7063 (CCC) <br><br> **MEMORANDOM AND ORDER** |
|---|---|

**CECCHI, District Judge.**

Before the Court is Plaintiff Harry T. Simone's appeal seeking review of a final determination by Defendant Nancy A. Berryhill, as Acting Commissioner of Social Security, denying his application for a period of disability and Disability Insurance Benefits ("DIB") pursuant to Title II of the Social Security Act ("SSA"). It appearing that:

1. Plaintiff, an adult male, was born on October 29, 1966. (Tr. at 141).[1] Plaintiff attended a computer trade school, (*id.* at 39), and has previously worked as a computer programmer and consultant, (*id.* at 41-44). In February 2010, Plaintiff was incarcerated and ceased to work. (*Id.* at 39). Plaintiff testified that during his incarceration, the mattresses on which he slept caused back pain, (*id.* at 40), which lead to his disability beginning in June 2012, (*id.* at 45). Plaintiff also testified that his back pain prevented him from either standing or sitting for extended periods of time. (*Id.* at 46). Additionally, Plaintiff testified that during approximately the same time that his back pain became severe, he began to experience foot

---

[1] "Tr." refers to the certified record of the administrative proceedings. (ECF No. 10).

1

pain near the situs of an ankle fracture that he suffered in February 1989. (*Id.*). Further, Plaintiff has described tendinitis in his left elbow. (*Id.* at 48).

2. On June 27, 2014, Plaintiff applied for disability benefits as a result of his ongoing back and ankle pain. (*Id.* at 141-42). On September 22, 2014, Plaintiff's application was initially denied. (*Id.* at 68). On November 21, 2014, the application was once again denied on reconsideration. (*Id.* at 76-77). Plaintiff requested an ALJ hearing, which was conducted on December 12, 2016. (*Id.* at 31-59). On January 25, 2017, the ALJ issued his opinion concluding that Plaintiff was not disabled within the meaning of Sections 216(i) and 223(d) of the SSA. (*Id.* at 19-26). On November 18, 2015, after submitting additional evidence, Plaintiff sought review by the Appeals Council. (*Id.* at 200-204). The Appeals Council denied review on May 4, 2017. (*Id.* at 1-4). Plaintiff instituted this action seeking review of the ALJ decision on September 13, 2017.

3. The Court has reviewed the ALJ decision. The ALJ found that Plaintiff most recently met the insured status requirements of the SSA on June 30, 2015, that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of June 20, 2012, (Tr. at 21), and that Plaintiff suffered from the following severe impairments: status post left ankle fracture and degenerative changes of the lumbar spine with disk protrusions at L 1-5. (*Id.*).

4. The ALJ further found that Plaintiff's impairments were not, either individually or in combination, the medical equivalent of any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 21-22). The ALJ then concluded that Plaintiff retained the Residual Functional Capacity ("RFC") to perform sedentary work, with the ability to change position at intervals, through his most recent insured date. (*Id.* at 22-24).

5. Further, the ALJ concluded that Plaintiff was capable of performing his past relevant work as a director of information technology because such work did not require the performance of activities precluded by the Plaintiff's RFC. (*Id.* at 24-25).

6. Accordingly, the ALJ concluded that Plaintiff was not disabled at any point between the onset date and Plaintiff's most recent date insured. (*Id.* at 25-26).

7. Among other reasons, Plaintiff argues that the ALJ's opinion should be vacated because the Appeals Council failed to consider new medical evidence he had provided, and thereby deprived him of his opportunity for proper administrative review. (ECF No. 16 at 3-8).

8. "No statutory authority (the source of the district court's review) authorizes the court to review the Appeals Council decision to deny review." *Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001). However, given Plaintiff's *pro se* status, the Court interprets his argument as requesting that the Court should remand to the Commissioner for consideration of new evidence.

9. A district court may remand to the Commissioner when it "learns of evidence not in existence or available to the claimant at the time of the administrative proceeding," *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990), if such evidence "is material and . . . there is good cause for the failure to incorporate such evidence into the record in the prior proceeding," 42 U.S.C. § 405(g).

10. Plaintiff has submitted additional evidence not before the ALJ. Among other things, Plaintiff has presented the medical opinion of Scott Reisler, M.D., concluding that Plaintiff's pain limited his ability to participate in gainful employment and that such limitations were expected to last longer than one year. (ECF No. 16 at A4-A5).

11. Dr. Reisler's opinion is at least arguably material. However, Plaintiff has not sufficiently addressed whether there is good cause as to why such evidence, which dates from mid-2015, was not furnished to the ALJ prior to the December 2016 hearing. Indeed, Plaintiff offers no explanation for the absence of such materials from the record below. Instead, Plaintiff avers that he is not required to show good cause for their absence because, at the time that he requested review by the Appeals Council, "the rules for review allowed the plaintiff to submit any additional evidence, without the requirement of good cause as to why it was not submitted prior." (ECF No. 16 at 3).

12. Presumably, Plaintiff refers to the regulations of 20 C.F.R. § 404.970, which govern review of an ALJ decision by the Appeals Council. Such regulations were amended as of January 17, 2017 and now provide for a good cause requirement. Nevertheless, "it is the Social Security Act and not the regulations that governs the standards for judicial review." *Matthews*, 239 F.3d at 594. Under the SSA, the Court may not remand for consideration of new evidence without a showing of good cause. *See Id.* ("[T]he Act gives the district court authority to remand the case to the Commissioner, but only if the claimant has shown good cause why such new and material evidence was not presented to the ALJ.").

13. Given Plaintiff's *pro se* status and the Court's need for further clarification, the Court will allow Plaintiff a further opportunity to show good cause why the new evidence was absent from the record before the ALJ.

14. The Court will administratively terminate this action without prejudice pending submission of Plaintiff's supplemental brief.

Accordingly,

**IT IS** on this 28 day of November 2018:

**ORDERED** that Plaintiff's appeal is administratively terminated without prejudice; and it is further

**ORDERED** that within thirty (30) days from the date of this Order, Plaintiff shall submit a supplemental brief. Plaintiff's supplemental brief should show that there is good cause for his failure to incorporate his proffered new evidence, (ECF No. 16 at A1-A13), into the record in the prior proceeding before the ALJ; and it is further

**ORDERED** that Defendant is granted leave to file a response within fifteen (15) days from Plaintiff's submission of his supplemental brief; and it is further

**ORDERED** that the Clerk of the Court shall close this matter.

                                                        CLAIRE C. CECCHI, U.S.D.J.